UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PATRICK J. SPELLACY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 1:14-cv-01418-TAB-WTL ) |
| CAROLYN W. COLVIN Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

**I. Introduction**

Pending before the Court is Plaintiff Patrick J. Spellacy's appeal of the Commissioner's denial of his claim for disability benefits. Spellacy asserts that the ALJ erred in finding Spellacy was not disabled due to his chronic knee and foot pain; in failing to summon a medical advisor; and in finding Spellacy capable of performing some jobs in the national economy. For the reasons set forth below, Plaintiff's brief in support of appeal [Filing No. 23] is denied.

**II. Discussion**

*A.    Standard of Review*

The Court must uphold the ALJ's decision if substantial evidence supports her findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Blakes v. Barnhart*, 331 F.3d 565, 568 (7th Cir. 2003). The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue*, 596

F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected. *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). The ALJ, however, need not mention every piece of evidence, so long as she builds a logical bridge from the evidence to her conclusion. *Pepper v. Colvin*, 712 F.3d 351, 362 (7th Cir. 2013).

      B.      *Chronic knee and foot pain*

Spellacy asserts that the ALJ erroneously relied on her own layperson expertise and found Spellacy not to be disabled due to his chronic knee and foot pain. Spellacy notes there was evidence that he experienced pain in both of his feet due to peripheral neuropathy, he had decreased balance with walking, decreased functional mobility, he had pain with standing and walking, and he was unable to run. According to Spellacy, all of this evidence supported a finding of disability, but the ALJ failed to address it. [Filing No. 13-8, at ECF p. 23-24, 40-43, Filing No. 13-9, at ECF p. 3-6.] However in reading the ALJ's decision as a whole, the Court finds substantial evidence supports the ALJ's step-three finding. *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015) (citing *Rice v. Barnhart*, 384 F.3d 363, 370 n.5 (7th Cir. 2004) ("[I]t is proper to read the ALJ's decision as a whole, and it would be a needless formality to have the ALJ repeat substantially similar factual analyses at both steps three and five.")).

The ALJ concluded that Spellacy's chronic knee pain did not meet or equal relevant listing 1.02. As the ALJ indicated in her decision, listing 1.02 requires "major dysfunction of a joint, due to any cause, which is characterized by gross anatomical deformity, chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint, and the findings of joint space narrowing, bony destruction, or anklylosis of the affected joint." For Spellacy's reported chronic knee pain to satisfy listing 1.02, "there must be involvement of

one major peripheral weight-bearing joint, resulting in inability to ambulate effectively." [Filing No. 13-2, at ECF p. 16-17.] Relying on Dr. J. Sands' and Dr. M. Brill's assessments, the ALJ concluded that Spellacy's knee impairment did not satisfy the listing because the record showed that he retained a normal gait throughout the relevant time period. [Filing No. 13-2, at ECF p. 15.] Indeed, Dr. Sands reported that evidence showed Spellacy had a normal gait with no assisted devices. Dr. Sands indicated that Spellacy was unable to stand on heels and toes but that Spellacy's range of motion remained normal. [Filing No. 13-7, at ECF p. 69.] Dr. Brill confirmed these findings. [Filing No. 13-7, at ECF p. 110.] The ALJ's RFC finding also noted that Spellacy was prescribed medication for his chronic joint pain, which stabilized his condition—a fact that Spellacy confirmed at the hearing. [Filing No. 13-2, at ECF p. 52-54; Filing No. 13-7, at ECF p. 8] *See Curvin v. Colvin,* 778 F.3d, 645, 650 (7th Cir. 2015). Substantial evidence supports the ALJ's finding that Spellacy's chronic knee pain did not meet or equal listing 1.02.

The ALJ also found that Spellacy's feet pain and neurological deficiencies did not satisfy listing 11.14 for peripheral neuropathies. Listing 11.14 requires disorganization of motor function, which result in sustained disturbance of gross and dexterous movements, or gait and station, in spite of prescribed treatment. [Filing No. 13-2, at ECF p. 17.] The ALJ acknowledged evidence that two separate EMGs indicated difficulties with neuropathy in Spellacy's bilateral feet. Despite confirmed numbness, the ALJ reasoned that medical evidence showed Spellacy retained a normal gait and station, and thus was not disabled. [Filing No. 13-7, at ECF p. 78; Filing No. 13-8, at ECF p. 20.] In making this determination, the ALJ relied on Dr. Mahmoud Yassin-Kassab's assessment that reported Spellacy was able to perform repeated movements with both feet, squat, bend over without restriction, sit, and stand and walk normally

3

without using any assistive device. Though he walked slowly, Dr. Yassin-Kassab found Spellacy's gait was stable. [Filing No. 13-7, at ECF p. 45.] Moreover, the ALJ found that the medication doctors prescribed Spellacy for his neuropathy effectively alleviated his symptoms. [Filing No. 13-8, at ECF p. 34.]

Spellacy points to other evidence to support his claim that he satisfied the listings, which he claims the ALJ ignored. Specifically, Spellacy notes that his decreased balance, difficulty walking, disability finding from Indiana, and prescribed medications showed he was disabled. Despite Spellacy's contentions, the ALJ discussed this evidence in finding Spellacy did not meet or equal a listing. The ALJ acknowledged that Spellacy had difficulty standing and walking on his heels and toes and that he had difficulties with balance secondary to pain and weakness. [Filing No. 13-2, at ECF p. 20, 22.] Likewise, the ALJ noted Spellacy's osteopenia and degenerative retropatellar narrowing of the knees. [Filing No. 13-2, at ECF p. 18.] The ALJ recognized that Spellacy was prescribed medication for his chronic pain and neuropathy, and received an Indiana disability placard.

However, the ALJ relied on evidence of Spellacy's normal range of motion, normal gait, and ability to sit, squat, and bend over repeatedly on examination to support her finding. The ALJ considered the fact that Spellacy could take the trash out, do the laundry, and go shopping alone. [Filing No. 13-2, at ECF p. 19-22; Filing No. 13-6, at ECF p. 21-25.] Similarly, the ALJ noted that Spellacy's medication stabilized his pain and helped his neuropathy. The ALJ further discussed evidence that suggested Spellacy exaggerated his pain symptoms in an attempt to obtain high-dose pain medication. [Filing No. 13-2, at ECF p. 20, Filing No. 13-7, at ECF p. 24.] Simply put, the ALJ did not cherry-pick evidence that supported her conclusion. She confronted contrary evidence, and explained why substantial evidence supported her conclusion.

*Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014). Thus, remand on this issue is not appropriate.

      C.      *Summoning a medical advisor*

Spellacy's second issue on appeal concerns the ALJ's decision not to summon a medical advisor to determine the medical equivalency of Spellacy's combined impairments. Spellacy asserts that the ALJ used her layperson opinion in lieu of a medical expert in determining whether Spellacy's impairments met or equaled a listing. However, the ALJ did not rely on her layperson opinion to determine medical equivalency. The ALJ expressly noted that Spellacy did not meet or equal a listing as state agency consultants Dr. Sands and Dr. Brill confirmed in their medical source statements. [Filing No. 13-2, at ECF p. 16.]

The decision on whether to summon a medical advisor is left to the judgment of the ALJ, if she believes she lacks sufficient information and it is necessary to obtain expert opinions to adequately develop the record. *Clifford v. Apfel*, 227 F.3d 863, 873 (7th Cir. 2000). Apart from relying on Dr. Sands' and Dr. Brill's opinions, the ALJ also adequately developed the record to support her conclusions. The ALJ considered evidence of Spellacy's chronic knee pain and feet numbness as well as his ability to walk without an assistive device, his ability to engage in daily living activities, and the effectiveness of his medication. [Filing No. 13-2, at ECF p. 19-22; Filing No. 13-6, at ECF p. 11-15, 21-25; Filing No. 13-7, at ECF p. 45; Filing No. 13-8, at ECF p. 34.] The ALJ also discussed medical evidence concerning Spellacy's history of alcoholism, his alleged drug-seeking behavior, and his stomach pain resulting from pancreatitis. [Filing No. 13-7, at ECF p. 19-34.] The decision included evidence confirming and contradicting the ALJ's disability finding and provided reasons to support her finding. Ultimately, the ALJ supported her

5

decision not to summon a medical advisor with substantial evidence. This decision will not be disturbed.

### D. *Jobs in the national economy*

Spellacy's final issue on appeal involves the ALJ's step-five determination. Spellacy contends that the ALJ's hypothetical questions to the vocational expert failed to account for Spellacy's functional limitations due to chronic knee and foot pain. This argument fails. The ALJ limited Spellacy to less than full range light work with limitations including: "standing and/or walking for two hours in an eight-hour workday; no use of foot controls; occasional overhead reaching; no climbing ladders, ropes, scaffolds, ramps, or stairs; and no exposure to unprotected heights." [Filing No. 13-2, at ECF p. 16.] In justifying her RFC, the ALJ concluded Spellacy's allegations of chronic knee pain and bilateral feet neuropathy did not limit Spellacy's ability to perform a limited range of light work. Evidence that Spellacy's medication stabilized his neuropathy and musculoskeletal pain supported the ALJ's conclusion, as did evidence that degenerative changes were only present in his knee joints. Spellacy maintained full motion in all of his joints, and he remained neurologically intact. [Filing No. 13-2, at ECF p. 24; Filing No. 13-7, at ECF p. 44-45.]

In determining whether Spellacy could perform jobs in the national economy, the ALJ relied on the testimony of a VE. The ALJ expressly questioned the VE about an individual limited to work with no use of foot controls, accounting for Spellacy's bilateral feet neuropathy. [Filing No. 13-2, at ECF p. 71-74.] Likewise, the ALJ considered Spellacy's alleged limitations on walking, balancing, and climbing stairs due to his chronic knee pain and neuropathy. The ALJ's hypothetical questions included limitations on reaching overhead, climbing ramps, stairs, ladders, or scaffolds, and exposure to unprotected heights, all of which related to Spellacy's knee

and foot pain. Even with these limitations, the VE found Spellacy capable of performing jobs at the light work and sedentary level. [Filing No. 13-2, at ECF p. 71-75.] The ALJ questioned the VE only about the impairments that she found to be credible, which was not in error. *Schmidt v. Astrue*, 496 F.3d 833, 846 (7th Cir. 2007). Thus, substantial evidence supported her step-five finding. *See Herron v. Shalala*, 19 F.3d 329, 337 (7th Cir. 1994) ("A vocational expert's testimony constitute substantial evidence if the hypothetical question pose to the expert includes all the claimant's impairments to the extent that they are supported in the record."). Remand on this issue is not appropriate.

**III. Conclusion**

For the above-stated reasons, the Court denies Plaintiff's brief in support of appeal [Filing No. 23] and affirms the Commissioner's decision.

Date: 5/14/2015

_____
Tim A. Baker
U.S. Magistrate Judge
Southern District of Indiana


Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov